UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLD SECURITY LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | CASE NO. 2:23-cv-899 MJP<br><br>ORDER DENYING MOTION TO STAY DISCOVERY |

This matter comes before the Court on Defendant Microsoft Corporation's ("Microsoft") Motion to Stay Discovery. (Dkt. No. 31.) Having reviewed the Motion, the Response (Dkt. No. 33), the Reply (Dkt. No. 34), and all other supporting material, the Court DENIES the Motion.

**BACKGROUND**

This case arises out of a contract dispute between Hold Security LLC ("Hold") and Microsoft. Hold alleges that Microsoft breached the parties' contract by impermissibly using and keeping data that Hold provided Microsoft. (Motion at 1.) Hold brings seven causes of action against Microsoft: (i) Breach of Contract; (ii) Breach of a Non-Disclosure Agreement; (iii)

1  Unjust Enrichment; (iv) Promissory Estoppel;  (v) Tortious Interference with Business

2  Expectancy; (vi) Breach of Implied Covenant of Good Faith and Fair Dealing; and (vii)

3  Declaratory Judgment. (Response at 2.) Microsoft filed a motion to dismiss (Dkt. No. 21), which

4  is currently pending before the Court. The Court has also issued a scheduling order setting

5  deadlines, which states that discovery must be completed by May 20, 2024. (Dkt. No. 27.)

6        Microsoft now moves for a stay of discovery pending the resolution of the motion to

7  dismiss. Hold served seven interrogatories and thirteen requests for production, which Microsoft

8  describes as inadmissible pre-contractual discussions. (Motion at 4-5.) Hold argues against a stay

9  alleging that an indefinite stay would prejudice Hold.

## ANALYSIS

11  "[D]istrict courts have the inherent authority to manage their dockets and courtrooms

12  with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S.

13  40, 47 (2016) (collecting cases). And district courts have wide discretion in controlling

14  discovery, including by staying discovery. See Little v. City of Seattle, 863 F.2d 681, 685 (9th

15  Cir. 1988).

16        The Ninth Circuit has provided some guidance on whether a stay of discovery could be

17  appropriate pending the resolution of a Rule 12(b)(6) motion to dismiss. A court may "stay

18  discovery when it is convinced that the plaintiff will be unable to state a claim for relief."

19  Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (internal citation and quotation

20  omitted). Indeed, "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal

21  sufficiency of complaints without subjecting themselves to discovery . . . It is sounder practice to

22  determine whether there is any reasonable likelihood that plaintiffs can construct a claim before

23  forcing the parties to undergo the expense of discovery." Rutman Wine Co. v. E. & J. Winery,

24

829 F.2d 729, 738 (9th Cir. 1987). "Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Critically, these comments are dicta from the Ninth Circuit in cases where it affirmed the district court's exercise of its discretion in staying discovery. See Wenger, 282 F.3d at 1077 (finding no error in district court's stay of discovery); Jarvis, 833 F.2d at 155 (finding no abuse of discretion); Rutman Wine Co., 829 F.2d at 738 (same). The Ninth Circuit does not appear to have set forth any rules or standards governing such stays of discovery. And many courts have emphasized that the mere existence of a dispositive motion does not warrant a stay of discovery. See, e.g., Rosario v. Starbucks, Corp., No. C16-1951, 2017 WL 4122569, at *1. As a result, courts often examine the nature of the pending Rule 12(b) motion to determine whether a stay of discovery is appropriate. For example, whether the motion involves pure questions of law that are dispositive – such as subject matter jurisdiction or immunity – rather than fact-intensive inquiries that might be resolved by further discovery. See Little, 863 F.2d at 685 ("Based on the facts presented in this case, discovery could not have affected the immunity decision.").

The parties cite to a two-factor test adopted by some district courts in this Circuit that looks to: (1) whether the pending motion could dispose of the entire case; and (2) whether the motion could be decided without additional discovery. See, e.g., Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co., No. C19-1050-JCC, 2020 WL 83288, at *1 (W.D. Wash. Feb. 20, 2020). But such a test would seemingly require most Rule 12(b)(6) motions – which generally seek dismissal of a case and require the complaint be taken as true, without additional discovery – to warrant a stay. As such, the Court is not inclined to apply this test.

Instead, the Ninth Circuit has instructed that a court considering a stay of proceeding should weigh the competing interests, such as:

> The possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measure in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay.

Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (internal citation omitted).

Taking all this and the facts here into account, the Court finds that, while a stay of discovery can be prudent when a motion that could dispose of the case is pending, Microsoft has not shown good cause for a stay of discovery here. Without commenting on the merits of the motion to dismiss, the Court notes the motion does not raise "pure" legal questions of subject matter jurisdiction, immunity, and the like, but focuses on whether the contract can be read such that all of Hold's seven claims must fail. The Court is not convinced that dismissal of all of Hold's claims is inevitable. Further, unlike cases that require prohibitive and large amounts of discovery, this case is limited to the relevant contract and any extrinsic evidence that may be allowed to resolve any ambiguities pertaining to the contract. It therefore appears that discovery would not be too burdensome of Microsoft and denying the stay will ensure the parties remain on track to meet their pretrial schedule and trial dates. For these reasons the Court DENIES Microsoft's Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 16, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION TO STAY DISCOVERY - 4